UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN BLUEMLEIN,

      Plaintiff,    Civil Action No. 21-11762

v.             Nancy G. Edmunds
              United States District Judge

DAVID KERNS, *et al.*,     David R. Grand
              United States Magistrate Judge

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 1) PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b), AND TO DENY AS MOOT DEFENDANTS' PENDING MOTIONS (ECF Nos. 11, 12, 13)**

**I. PROCEDURAL HISTORY**

*Pro se* plaintiff Christian Bluemlein ("Bluemlein") filed this instant lawsuit against Saginaw County officials David Kerns and William Federspiel (collectively, "Defendants"). Bluemlein titles his pleading as a motion to show cause why Defendants should not be held in contempt for violating a court-issued injunction in *O'Bryan v. Saginaw Cnty., Mich.*, 446 F. Supp. 436 (E.D. Mich. 1978) (finding that various Saginaw County Jail officials had violated prisoners' constitutional rights and issuing an injunction requiring officials to abide by certain jail practices and procedures), based on their alleged failure to provide him with clean socks and sheets, permit him to make ten minutes of local calls per week, and allow him to wear his street clothes to court during his time at the Saginaw County Jail. (ECF No. 1). This case has been referred to the undersigned for all

pretrial matters pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 8).

On May 13, 2022, Defendants filed a motion for summary judgment, along with a brief in support. (ECF No. 13). The Court subsequently issued an Order advising Bluemlein of his obligation to respond to Defendants' motion by **June 7, 2022**, and that his failure to do so may result in a recommendation that the Defendants' motion be granted. (ECF No. 14). When Bluemlein had not filed a response to Defendants' motion, on June 17, 2022, the Court issued an Order directing Bluemlein to show cause, in writing, on or before **June 30, 2022**, why this Court should not recommend that Defendants' motion be granted and/or that Bluemlein's claims be dismissed. (ECF No. 15). Alternatively, Bluemlein was permitted to file a response to Defendants' motion by **June 30, 2022**. Bluemlein was specifically warned that, "Failure to timely and adequately respond in writing to this Order to Show Cause, or to timely file a response to Defendants' motion, may result in a recommendation that Defendants' motion be granted and/or that Bluemlein's claims be dismissed under Fed. R. Civ. P. 41(b)." (*Id.*, PageID.235). Despite it now being more than a week beyond this deadline, a review of the docket indicates that Bluemlein has neither responded in writing to the Court's Order to Show Cause, nor filed a response to Defendants' motion.[1]

## II. ANALYSIS

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

---

[1] Neither the Court's Order Requiring a Response nor Order to Show Cause (both of which were served by mail on Bluemlein) has been returned to the Court as undeliverable.

2

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). As the *Link* court explained, "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. In other words, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

3

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  All of the factors favor dismissal here.  The Court warned Bluemlein that his case would be dismissed with prejudice if he failed to file a response to Defendants' motion for summary judgment or a response to the Court's Order to Show Cause.  (ECF No. 15).  Yet Bluemlein failed to respond, meaning that the first[2] and third factors weigh in favor of dismissal.  As to the second factor, Defendants are prejudiced by having this action pending against them without it being advanced to a timely conclusion due to Bluemlein's apparent abandonment of his claims.  Finally, given Bluemlein's failure to file responses as ordered, the Court sees no utility in considering or imposing a lesser sanction.  Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant."  *White v. Bouchard*, 2008

---

[2] With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *Id*.  Regardless, "defendants cannot be expected to defend an action which plaintiff has apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.  Indeed, also pending before this Court are Defendants' March 28, 2022 motion to compel Bluemlein to respond to their first set of interrogatories and requests for production of documents based on his "fail[ure] to provide any response" (ECF No. 11), and May 12, 2022 motion to modify the scheduling order based on his continued "failure to provide discovery and failure to prosecute."  (ECF No. 12).  To date, Bluemlein has not responded to these motions, either.

WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)). Here, for the reasons discussed above, Bluemlein has "engaged in a clear pattern of delay" by failing to comply with orders of the Court and by failing to file papers necessary for the prosecution of his claims. Under these circumstances, dismissal is appropriate. *See* Fed. R. Civ. P. 41(b).

### III. RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Bluemlein's complaint **(ECF No. 1)** and his claims against Defendants be **DISMISSED WITH PREJUDICE,** and that Defendants' pending motions **(ECF Nos. 11, 12, 13)** be **DENIED AS MOOT**.

Dated: July 8, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United*

5

*States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2022.

                        s/Eddrey O. Butts  
                        EDDREY O. BUTTS  
                        Case Manager